FILED
United States Court of Appeals
Tenth Circuit

May 20, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| In re: LOWERY WILKINSON LOWERY, LLC; MARGARET J. LOWERY; RONALD D. WILKINSON, <br><br> Petitioners. | No. 25-7040 <br> (D.C. No. 6:25-CV-00022-RAW) <br> (E.D. Okla.) |

_____

**ORDER**
_____

Before **BACHARACH**, **McHUGH**, and **EID**, Circuit Judges.
_____

Petitioners filed a petition for writ of mandamus and an emergency motion for stay. They request mandamus relief compelling the district court to: (1) vacate an order directing them to show cause why sanctions should not be imposed; (2) vacate an order striking their motion for partial summary judgment; (3) grant their request for accommodations; and (4) recuse. Petitioners also seek an emergency stay of the district court proceedings, including a sanctions hearing scheduled for May 21, 2025, pending resolution of their mandamus petition.

"[A] writ of mandamus is a drastic remedy[] and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). "Three conditions must be met before a writ of mandamus may issue. First, . . . the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. Second, the petitioner must demonstrate that his right to the writ is clear and indisputable. Finally, the issuing

court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 1187 (citations and internal quotation marks omitted). "Only exceptional circumstances . . . justify the invocation of this extraordinary remedy," and "[t]herefore, we will grant the writ only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *Id.* at 1186 (internal quotation marks omitted).

Petitioners fail to satisfy the mandamus standards. They assert mandamus is "warranted for clear abuse with no adequate remedy," Pet. at 7, but they do not explain why the adverse rulings they complain of cannot be appealed upon entry of final judgment. *In re Cooper Tire & Rubber Co.*, 568 F.3d at 1187 (recognizing mandamus is "not a substitute for an appeal"). Neither do they explain how the district court exceeded its jurisdiction or usurped authority by scheduling the sanctions hearing. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991) (recognizing a court's inherent power to impose sanctions). And although mandamus is a proper vehicle to challenge a recusal decision, *see Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995), petitioners offer only conclusory assertions that fail to show bias or other grounds for disqualification. Under these circumstances, petitioners have not shown a clear and indisputable right to the writ.

Accordingly, we deny the petition for a writ of mandamus. The motion for an emergency stay is denied as moot. We grant the motion to proceed on appeal without prepayment of costs and fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk